# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2022

Lyle W. Cayce
Clerk

No. 21-60862
Summary Calendar

Diana Marisela Alvarado-Ferman,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 222 298

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Diana Marisela Alvarado-Ferman, a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial by the immigration judge (IJ) of her application for asylum, withholding of removal (WOR), and protection under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60862

the Convention Against Torture (CAT). She filed for such relief on the grounds that she faced past and future harm in El Salvador at the hands of the MS-13 gang because she witnessed the July 2010 murder of her aunt by an MS-13 gang member.

We generally review only the BIA's decision; the IJ's decision is reviewed only to the extent that it influenced the BIA's decision. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). While legal questions are reviewed de novo, we review findings of fact for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Under the substantial evidence standard, factual findings may not be reversed unless the alien shows that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (quote at 537) (5th Cir. 2009); *see* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). We review for substantial evidence the factual conclusions that an alien is not eligible for asylum, WOR, or CAT protection. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Under 8 U.S.C. § 1158(b)(1)(A), asylum may be granted to a refugee, which is defined as "an alien who is unable or unwilling to return to [her] home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a [PSG], or political opinion." *Zhang*, 432 F.3d at 344 (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1101(a)(42)(A). To the extent that the proposed PSGs were based on Alvarado-Ferman's membership in her murdered aunt's family, the BIA affirmed the IJ's finding that there was no nexus between the alleged harm and the proposed PSGs. Alvarado-Ferman has not shown compelling evidence that her familial relationship to her aunt was at least one central reason for her alleged past and feared future persecution, rather than simply a tangential or subordinate reason. *See Gonzalez-Veliz v.*

*Barr*, 938 F.3d 219, 224 (5th Cir. 2019); *Wang*, 569 F.3d at 536-37. Accordingly, she has failed to establish that no reasonable factfinder could have determined that the requisite nexus was absent. *See Gonzalez-Veliz*, 938 F.3d at 224-25; *Wang*, 569 F.3d at 537.

To the extent that the proposed PSGs were based on Alvarado-Ferman's witnessing of her aunt's murder, the BIA affirmed the IJ's conclusion that the groups are not cognizable because they lack the necessary particularity and social distinction. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 226 (5th Cir. 2019). Because the record indicates that Alvarado-Ferman would be the sole member of the proposed groups, she has failed to offer compelling evidence that no reasonable factfinder could determine that the proposed PSGs relating to her witnessing of her aunt's murder were not socially distinct. *See id.* at 226-27; *Wang*, 569 F.3d at 536-37.

Under the provisions for WOR, 8 U.S.C. § 1231(b)(3)(A), an alien may not be removed to a country if her "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a [PSG], or political opinion." Because the standard for obtaining WOR is even higher than the standard for asylum, Alvarado-Ferman's failure to establish asylum eligibility also forecloses her eligibility for WOR. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, to obtain relief under the CAT, an alien must show a likelihood that she would be tortured by or with the consent or acquiescence of a government official in his home country. *Zhang*, 432 F.3d at 344-45. Alvarado-Ferman has not shown that she presented such compelling evidence that no reasonable factfinder could have found her ineligible for CAT protection. *See Wang*, 569 F.3d at 536-37.

In light of the foregoing, the petition for review is DENIED.